## TRAVELERS' INS. CO. v. SCHENKEL.

Circuit Court of Appeals, Eighth Circuit.
January 15, 1930.

No. 8606.

For former opinion, see 35 F.(2d) 611.

Frank H. Sullivan, James C. Jones, Lon O. Hocker, and James C. Jones, Jr., all of St. Louis, Mo., for appellant.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

On Petition for Rehearing.

WOODROUGH, District Judge. The brief of appellant in support of its petition for rehearing is largely upon the following assignment: "The court has erred in failing to consider and determine the appellant's assignment of error that the charge of the District Court that the insured was insane if he was impelled to take his life as the result of an irresistible impulse, was erroneous."

Inspection of the record discloses that the District Court did not so instruct the jury. The only reference to an irresistible impulse made by the District Court in its painstaking and comprehensive charge to the jury is found in the second paragraph as follows:

"Now, under the law of Missouri, suicide by a sane man is not an accident, but suicide by an insane man is an accident; so that, in order for plaintiff to be entitled to recover, under this accident policy, it is essential for plaintiff to establish the fact that the insured, Mr. Schenkel, was insane at the time he took his life, and that is the only question for you to pass upon in the case, is the state of mind and of mentality of the insured at the time the fatal shot was fired. You are instructed that, even though you should find from the evidence that at the time Henry Schenkel inflicted upon himself the gunshot wound which caused his death, he may have had sufficient understanding to know that the physical consequences of said act would be his death, and though you may believe that he could reason sufficiently well to prepare with great deliberation and to execute his design with success, yet if you find from the evidence that at said time his reasoning faculties were so far im-

paired that he was not then able to understand the moral character of his act and was not then able to distinguish whether his said act was right or wrong, and that his will-power was then so far impaired that he was not then mentally capable of controlling his conduct rationally, *and that he was impelled to said act by an irresistible impulse,* which he was then unable to resist, you should find that he was so far insane that the plaintiff is entitled to recover on the policy in evidence.".

Even if this were the whole of the court's charge on the subject of insanity and the proof necessary to sustain it, the assignment would not have been well taken. It is obvious from this paragraph by itself that the court did not tell the jury that the deceased could be found insane upon the fact alone that he was impelled to take his life as the result of an irresistible impulse. On the contrary, the whole reference to being impelled by such an impulse is qualified by the preceding part of the sentence, "if his reasoning faculties were so far impaired that he was not then able to understand the moral character of his act and was not then able to distinguish whether his said act was right or wrong, and that his will-power was then so far impaired that he was not then mentally capable of controlling his conduct rationally." The conjunction "and" follows this part of the sentence in the paragraph. But the trial court did not leave the matter there. He admonished the jury that the mere fact of suicide was not enough; nor could they find upon guess or suspicion. He said, unless the jury find that the insured had in fact lost his mind, and that this loss of mind and reasoning faculty continued up to the time of his death, then the plaintiff has failed to prove that he was insane at the time of his death. He said the proof must show that deceased had not so far recovered his mentality as to be aware of what he was about.

Another paragraph of the instructions is as follows:

"The inquiries which you are to make regarding his mental condition are these: Did he know and appreciate what he was doing? Did he remember that his revolver was in this locked receptacle? Did he remember where to find the key thereto? Having the revolver, did he remember where to find the cartridge? Did he know how to load and discharge the weapon? Did he know that if he fired against his temple, it would likely produce death? Did he have mentality sufficient to know and understand that, according to the general view of mankind in general, it is wrong to commit suicide? Such are the inquiries which you are to make, in determining whether the plaintiff has proven that he was insane at that time. It is not a question of whether he, himself, believed it was wrong to commit suicide. He may have believed that he had a moral right to take his own life, if he cared to. The true inquiry is: had he mentality sufficient to appreciate and understand the general belief of others regarding such a step? Had he mind enough to understand the grief and humiliation which suicide ordinarily visits upon the family. If, upon the evidence, you can answer these inquiries in the negative, then you would be justified in finding that the insured was insane at the time of his death; but if the plaintiff has not proven that his state of mind was such as has just been defined, if she has not shown that he was incapable, mentally, of appreciating that he was getting a revolver out of the locked drawer, that he was loading this revolver, that the shot fired against his right temple, if fired against his right temple, it would probably cause his death, and that suicide ordinarily is regarded as wrong by the general opinion of mankind, and brings shame and humiliation upon the family, then you would not be justified in finding that he was insane. A man, in the eyes of the law, may be insane for one purpose and sane for another, and, therefore, proof that the insured was insane, merely, will not satisfy the burden rested upon the plaintiff, in order to entitle her to recover in this case. Even though there be evidence before you, tending to show that the insured was insane or delirious, and even though you may find that he was suffering from some degree of mental unsoundness, if, nevertheless, from all the facts and circumstances in evidence, in the case, and the manner in which he took his own life, the jury are of the opinion, under the evidence, that he was possessed of mentality sufficient to appreciate and understand that he was taking his own life, and also to understand and appreciate that in common acceptation it is regarded as wrong so to do, then you are instructed that, for the purposes of this case, he must be treated by you as having been sane at the time, and your verdict must be for the defendant, notwithstanding the fact that you may believe, under the evidence, that he may have been in some degree mentally unbalanced at the time."

Taking the instructions as a whole, we find no sufficient ground for appellant's assignment. The other assignments should also be overruled, and the petition for rehearing denied.